**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

UNITED STATES OF AMERICA,

                Plaintiff,

v.                                            CRIMINAL ACTION NO. 3:98-cr-00048

ANTHONY WILLIAMS,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

**I.    Introduction**

Pending before the court is the defendant's Motion for Retroactive Application of Sentencing Guidelines [Dockets 427, 428, 444]. On November 1, 2007, the United States Sentencing Guidelines were amended to reduce by two levels the guidelines in Section 2D1.1 for cocaine base (also known as "crack"). Subsequently, the Sentencing Commission amended Section 1B1.10 to make the crack amendment retroactive, effective March 3, 2008. Pursuant to a Standing Order entered on February 6, 2008, this case was designated for Standard consideration.

The Court has received and considered the original Presentence Investigation Report (PSR), original Judgment Order and Statement of Reasons, and addendum to the PSR (the "addendum") from the Probation Office, and received any materials submitted by the parties on this issue. The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

The defendant's original PSR attributed 4626.46 kilograms marijuana equivalency to him. His original offense conduct resulted in a base offense level of 34, and a criminal history category

of IV. The defendant received a two-level enhancement for possession of a dangerous weapon, making his adjusted offense level 36. His original guideline range was 262 to 327 months in prison.

An addendum was issued on February 11, 2010, and the revised calculations provide that 4132.04 of marijuana equivalency is attributable to Williams, making his new total offense level 34 and his new guideline range 210 to 262 months.

**II.     Legal Background and Arguments**

In determining whether a reduction in a defendant's term of imprisonment is warranted, the court shall consider

>   (I)     [T]he factors set forth in 18 U.S.C. 3553(a)[; and]
>
>   (ii)    [T]he nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment[.]

U.S.S.G. § 1B1.10 App. Note 1.(B). In addition, the court "may" consider "post-sentencing conduct of the defendant that occurred after the imposition of the original term of imprisonment." *Id*. at App. Note 1.(B)(iii). The United States argues against a reduction because the defendant has been subject to nine incident reports since his incarceration. The incidents, as laid out in the addendum are as follows:

   1. May 16, 2001 – Use of drugs/drug items

   2. November 8, 2001 – Smoking in unauthorized area/being insolent to staff

   3. September 5, 2002 – Being in an unauthorized area

   4. December 16, 2002 – Being absent from assignment

   5. January 28, 2003 – Smoking in unauthorized area

   6. September 15, 2005 – Refusing to obey an order/being insolent to staff

      7. September 28, 2008 – Possessing an unauthorized item

      8. November 22, 2009 – Possessing an unauthorized item

      9. December 6, 2009 – Possessing an unauthorized item

Williams also declined to participate in the Drug Education Program on April 16, 2009, and dropped his GED programs, being classified as "nonpromotable."

Williams argues that the court should not consider the incidents that occurred in prison because, for one thing, "[t]here is no indication that any of those violations involved violence, the threat of violence, or any criminal activity." (Mem. of Def. 3-4.) In addition, "[t]hose incidents were all addressed administratively and thus have no bearing on the question of whether he should receive a reduced sentence." (*Id.* at 4 (citing *United States v. Ayala*, 540 F. Supp. 2d 676, 680 (W.D. Va. 2008)).

**III.**    **Analysis**

The court has considered the § 3553(a) factors and the nature and seriousness of the danger to any person or the community that may come from a reduction in Williams's sentence. The court has also considered the conduct of Williams while in prison because, even though the *Ayala* court decided not to do so, it nonetheless recognized that "[i]nfractions in prison can be serious and may indicate that a defendant will disregard the rules and laws of the community." 540 F. Supp. 2d at 680.

In the underlying offense, Williams was involved in a cocaine base distribution conspiracy in Huntington, West Virginia. The conspiracy was large-scale and long-lasting, with two groups of conspirators from Detroit, Michigan, and Columbus, Ohio. In 1995, these conspirators began traveling to Huntington to sell cocaine base. Williams rented a house in Huntington that was made

available for the purpose of unlawfully distributing and using cocaine base. And the conspiracy was not without the threat of violence, as a search of Williams's home following his arrest yielded eight firearms.

Williams's criminal history is extensive, dating back to 1993, and involves a variety of crimes, including theft, criminal trespass, drug abuse, and disorderly conduct. From this history, it is clear that Williams poses a danger to the community and others with whom he may come in contact. Williams has also shown disrespect for prison rules and regulations, having been written up consistently over a period of eight years. Although these infractions are not of a violent nature, they nonetheless show Williams's disregard for authority.

Furthermore, Williams's original term of imprisonment, 262 months, falls within the revised Guideline range. As such, his sentence would not create the type of unwarranted disparity that the Sentencing Commission sought to address in creating the retroactive amendments to the crack/cocaine Guidelines.

The defendant asks for a reduction to the low end of his revised Guideline range, which is 210 months. This would be a reduction of over four years. Based on the nature and extent of his criminal history and the nature of the underlying offenses, the court can justify neither a reduction of this extent, nor any reduction.

**IV.    Conclusion**

For these reasons, Williams's request for a sentence reduction pursuant to 18 U.S.C. § 3582 is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, the Federal Bureau of Prisons and

the United States Marshals.

          ENTER:     May 7, 2010

          Joseph R. Goodwin, Chief Judge